

**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

SOP / ALL
Transmittal Number: 15862313
Date Processed: 11/11/2016

| | |
|---|---|
| Primary Contact: | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street, 9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | Northfield Insurance Company<br>Entity ID Number 2319164 |
| Entity Served: | Northfield Insurance Company |
| Title of Action: | Billy Hamilton vs. Northfield Insurance Company |
| Document(s) Type: | Petition |
| Nature of Action: | Contract |
| Court/Agency: | Okmulgee County District Court, Oklahoma |
| Case/Reference No: | CJ-2016-179 |
| Jurisdiction Served: | Connecticut |
| Date Served on CSC: | 11/11/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Travelers on 11/11/2016 |
| How Served: | Client Direct |
| Sender Information: | Kris Ted Ledford<br>918-376-4610 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

## IN THE DISTRICT COURT OF OKMULGEE COUNTY
### STATE OF OKLAHOMA

BILLY HAMILTON, an individual,

    Plaintiff,

v.

NORTHFIELD INSURANCE COMPANY, a foreign insurance company,

    Defendant.

Case No. CJ-2016-179

CORPORATE LITIGATION
HARTFORD

### SUMMONS

NOV 11 2016

RECEIVED AM

To the above named Defendant:   Northfield Insurance Company
1 Tower SQ
Hartford, CT 06183

    You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

    Issued this 2nd day of ~~October~~ November, 2016

Charly Criner - Court Clerk<br>By: _____<br>Deputy Court Clerk

(SEAL)

Attorney for Plaintiff:   KRIS TED LEDFORD
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610

    This Summons was served on _____ via certified mail.
                                 (Date of Service)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

FILED IN DISTRICT COURT
OKMULGEE COUNTY, OKLA

NOV - 2 2016

CHARLY CRINER, COURT CLERK
By_____Deputy

IN THE DISTRICT COURT OF OKMULGEE COUNTY
STATE OF OKLAHOMA

BILLY HAMILTON, an individual,

Plaintiff,

v.

NORTHFIELD INSURANCE COMPANY, a foreign insurance company,

Defendant.

Case No. CJ-**2016-179**

JURY TRIAL DEMANDED

## PETITION

Plaintiff, Billy Hamilton ("Mr. Hamilton"), for his cause of action against Defendant alleges and states as follows:

1. Mr. Hamilton is a resident of Okmulgee County.

2. Defendant, Northfield Insurance Company ("Northfield"), is an insurance company organized in the state of Iowa and doing business in Okmulgee County.

3. Venue is proper in Okmulgee County.

4. Mr. Hamilton is the owner of a commercial building located at 117 South Broadway in Council Hill, Oklahoma ("Building") which was insured at all times material hereto by Northfield under insurance policy # WS219672.

5. In December of 2015, Mr. Hamilton filed an insurance claim with Northfield for damage to the roof and interior of the Building.

6. By letter dated February 4, 2016, Northfield denied Mr. Hamilton's insurance claim on the grounds that the policy did not cover the loss.

7. On February 8, 2016, Northfield sent Mr. Hamilton a Notice of Nonrenewal of Insurance advising him that Northfield would not renew his policy and that his insurance coverage would cease on March 25, 2016.

8. In March of 2016, Mr. Hamilton submitted to Northfield a written statement from an experienced roofing contractor which established that the loss was caused by wind. Because the loss was caused by wind, the loss was covered under the Northfield insurance policy.

9. By letter dated April 20, 2016, Northfield again denied Mr. Hamilton's insurance claim on the grounds that the policy did not cover the loss.

10. Northfield's denial of the insurance claim constitutes a breach of the insurance policy.

11. Northfield's conduct in connection with the handling of Mr. Hamilton's insurance claim constitutes a breach of the duty of good faith and fair dealing implied in all insurance contracts.

12. Mr. Hamilton has been damaged as a result of Northfield's tortious conduct.

13. Northfield's actions were intentional, malicious, and/or in reckless disregard for the rights of others thereby warranting the imposition of punitive damages against Northfield.

WHEREFORE, Mr. Hamilton demands judgment against Northfield in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper.

Respectfully submitted,

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorney for Plaintiff*

ATTORNEY'S LIEN CLAIMED

IN THE DISTRICT COURT OF OKMULGEE COUNTY
STATE OF OKLAHOMA

BILLY HAMILTON, an individual,
    Plaintiff,

v.

NORTHFIELD INSURANCE COMPANY, a foreign insurance company,
    Defendant.

Case No. CJ-2016-179

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to 12 O.S. § 3234 of the Oklahoma Discovery Code, Plaintiff, Billy Hamilton ("Mr. Hamilton"), hereby serves Defendant, Northfield Insurance Company ("Northfield"), with his First Set of Requests for Production. In accordance with the definitions and instructions set forth below, Defendant should produce all responsive documents and things in the possession, custody, or control of Defendant, or alternatively respond in writing as to why said documents cannot, should not, or will not be produced. Said production shall be made at the offices of Ledford Law Firm, 425 E. 22nd Street, Suite 101, Owasso, OK 74055 within forty-five (45) days from the date of service hereof.

### INSTRUCTIONS

1. In producing documents and things responsive to these requests, identify the requests to which each produced document or thing is responsive. If a document or thing is responsive to more than one Request, each Request to which it is responsive should be identified.

2. Documents from any single file should be produced in the same manner as they were found in such file.

3.  If copies of documents are produced in lieu of originals, copies should be legible and bound or stapled in the same manner as the originals. Plaintiff will pay reasonable copying costs. Electronic production of documents via a CD is acceptable and preferable.

4.  If a document is withheld from production on grounds of privilege or work-product immunity, (i) identify the document with sufficient particularity to allow the matter to be brought before the Court, including a description of the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, briefly the legal and factual basis for the claim of privilege or work-product immunity.

5.  If any document or thing requested herein was formerly in your possession, custody or control, and has been lost or destroyed, in lieu of production of such document, (i) identify the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, to the extent possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the identity of the person(s) requesting and performing such destruction.

6.  A request for each document or thing that "refers," "relates," or is "relating" to a specified subject matter extends to each document that (i) constitutes, (ii) contains, (iii) supports, (iv) modifies, contradicts, criticizes, discusses, mentions or describes, (v) records, reports, reflects, relates to, or pertains to, (vi) was prepared in connection with, (vii) arises from, or (viii) is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on Defendant's behalf in relation to the subject matter specified.

7. These are continuing Requests for Production. If, after making your initial production, you obtain or become aware of any further documents or things responsive to this request, you are required to produce such additional documents or things to Plaintiff and to supplement your response and production pursuant to 12 O.S. § 3234.

## DEFINITIONS

1. The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips, hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you. The term "document" or "documents" expressly includes all writings similar to any of the foregoing including e-mail or other such information located, contained, or stored on hard disks, floppy

3

disks, hard drives or other computer related storage media, whether or not generated initially by a computer related media. The term "document" or "documents" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

2. When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include the Defendant Northfield and any other entity/person or entities/persons acting for or on Northfield's behalf.

3. "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

4. The word "PERSON" and "PERSONS" include, without limitation, individuals, associations, partnerships, and corporations.

5. "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the individual request for documents, all documents which might otherwise be construed to be outside its scope.

6. In construing these discovery requests, the singular shall include the plural and the plural shall include the singular. Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate. The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

7. As used herein, the phrases "refer or relate to", "relating to", or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with, commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

8. As used herein, "PROPERTY" shall mean the property owned by Billy Hamilton which is located at 117 South Broadway in Council Hill, Oklahoma and insured at all times material hereto by Northfield under insurance policy # WS219672.

9. As used herein, "INSURANCE CLAIM" shall mean the insurance claim made by Mr. Hamilton to YOU for loss to the PROPERTY.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all DOCUMENTS in the claim file for the INSURANCE CLAIM. *See* definitions set forth above and note that this Request expressly includes any information stored electronically including any emails and/or electronic claim diaries.

**REQUEST FOR PRODUCTION NO. 2:** Produce all DOCUMENTS relating to the INSURANCE CLAIM.

**REQUEST FOR PRODUCTION NO. 3:** Produce all COMMUNICATIONS relating to the INSURANCE CLAIM.

**REQUEST FOR PRODUCTION NO. 4:** Produce all DOCUMENTS relating to any reports prepared by any experts or consultants in connection with the INSURANCE CLAIM. This includes any DOCUMENTS provided to any expert or consultant and any DOCUMENTS received from any expert or consultant including any invoices.

**REQUEST FOR PRODUCTION NO. 5**: Produce all DOCUMENTS relating to the handling of claims which are contained in the personnel file(s) of any adjuster or claim representative who participated in the handling of the INSURANCE CLAIM. This Request is *limited* to documents such as performance reviews, write-ups, commendations, bonuses, and other documents which concern the handling of claims by these employees. Plaintiff is not seeking any documents relating to health insurance or any private health information of these employees. Plaintiff is agreeable to executing an appropriate protective order which allows for production of the requested documents but has reasonable protections for any private information of these employees.

**REQUEST FOR PRODUCTION NO. 6**: Produce all DOCUMENTS that serve as manuals or other training materials which have been provided to any adjuster or claim representative who participated in the handling of the INSURANCE CLAIM.

**REQUEST FOR PRODUCTION NO. 7**: Produce a certified copy of the Northfield insurance policy # WS219672 including the declarations page which was in effect in 2015 and provided coverage for the PROPERTY.

**REQUEST FOR PRODUCTION NO. 8**: Produce all DOCUMENTS relating to any complaints filed with any state department of insurance within the past five (5) years relating to insurance claims for loss to a roof which were handled by any person identified in response to Interrogatory Nos. 3 or 4.

**REQUEST FOR PRODUCTION NO. 9**: Produce all DOCUMENTS relating to any complaints against Defendant filed with any state department of insurance within the past five (5) years relating to an insurance claim for loss to a roof.

**REQUEST FOR PRODUCTION NO. 10:** Produce all internal audits of your claim files from January 1, 2012 through the June 1, 2016 which relate to claims arising in the state of Oklahoma involving loss to a roof.

**REQUEST FOR PRODUCTION NO. 11:** Produce all Department of Insurance market conduct audits relating to YOUR activity in the state of Oklahoma since January 1, 2012.

**REQUEST FOR PRODUCTION NO. 12:** Produce all DOCUMENTS in the claim files for all insurance claims made to YOU within the last five (5) years which are *similar* to the INSURANCE CLAIM. For purposes of this discovery request, "*similar*" shall mean a claim for loss to a roof. *See* definitions set forth above and note that this Request expressly includes any information stored electronically including any emails and/or electronic claim diaries.

**REQUEST FOR PRODUCTION NO. 13:** Produce the DOCUMENTS from which you determined YOUR net worth as stated in response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 15:** Produce all DOCUMENTS relating to any inspections of the PROPERTY by YOU prior to issuance of an insurance policy to Mr. Hamilton or at any other time prior to Mr. Hamilton filing an insurance claim on the PROPERTY.

**REQUEST FOR PRODUCTION NO. 15:** Produce all DOCUMENTS relating to any underwriting actions taken by YOU in connection with Mr. Hamilton's insurance policy for the PROPERTY.

**REQUEST FOR PRODUCTION NO. 16:** With regard to any other lawsuits filed against YOU from January 1, 2007 to the present which involved claims for breach of contract and/or breach of the duty of good faith and fair dealing arising out of an insurance claim involving loss to a roof under an insurance policy issued by YOU, produce the following DOCUMENTS:

7

a. Complaint and/or Petition;
b. Answer;
c. All written discovery responses of Northfield Insurance Company;
d. All briefing relating to motions for summary judgment and any exhibits thereto;
e. All orders entered by the Court;
f. All transcripts of depositions of any corporate representative of Northfield Insurance Company and any exhibits thereto;
g. All transcripts of depositions of any employee or former employee of Northfield Insurance Company and any exhibits thereto;
h. All transcripts of court testimony given by any employee or former employee of Northfield Insurance Company;
i. All affidavits made by any employee or former employee of Northfield Insurance Company;
j. All transcripts of depositions of any corporate representative of any third party administrator which was handling the claim for or on behalf of Northfield Insurance Company and any exhibits thereto;
k. All transcripts of depositions of any employee or former employee of any third party administrator which was handling the claim for or on behalf of Northfield Insurance Company and any exhibits thereto;
l. All transcripts of court testimony given by any employee or former employee any third party administrator which was handling the claim for or on behalf of Northfield Insurance Company;
m. All affidavits made by any employee or former employee of any third party administrator which was handling the claim for or on behalf of Northfield Insurance Company;
n. All jury verdicts and judgments; and
o. All appellate opinions.

**REQUEST FOR PRODUCTION NO. 17:** Produce all DOCUMENTS relating to any affirmative defense raised in YOUR Answer.

**REQUEST FOR PRODUCTION NO. 18:** Produce all DOCUMENTS relating to any other defense YOU have in this lawsuit.

**REQUEST FOR PRODUCTION NO. 19:** Produce all exhibits YOU intend to introduce at the trial of this matter.

8

Respectfully submitted,

*/s/ Kris Ted Ledford*

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorney for Plaintiff*

IN THE DISTRICT COURT OF OKMULGEE COUNTY
STATE OF OKLAHOMA

BILLY HAMILTON, an individual,
    Plaintiff,

v.

Case No. CJ-2016-179

NORTHFIELD INSURANCE COMPANY, a
foreign insurance company,
    Defendant.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to 12 O.S. § 3233 of the Oklahoma Discovery Code, Plaintiff, Billy Hamilton ("Mr. Hamilton"), hereby serves Defendant, Northfield Insurance Company ("Northfield"), with his First Set of Interrogatories to be answered in writing and under oath within forty-five (45) days of the date of service.

### DEFINITIONS

1. When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include the Defendant Northfield and any other entity/person or entities/persons acting for or on Northfield's behalf.

2. The terms "allegation" and "allegations" shall mean and refer to allegations contained in Plaintiff's Petition.

3. "Person" shall refer to any natural person, firm, association, partnership, corporation, or other form of legal business entity.

4. "IDENTIFY" when used with respect to an individual means to state such individual's name, last known address, and last known telephone number.

5. "IDENTIFY" when used with respect to an organization (e.g., a corporation, partnership, or association) means to state the name of such organization, type of such organization, and the last known address and telephone number of its principal place of business.

6. "IDENTIFY" when used with respect to a document means to describe such document with sufficient particularity in order to enable one to describe it adequately in a Request for Production of Documents. In lieu of such document identification, you may produce with your answers to these Interrogatories a legible copy of the document you are asked to identify, indicating the Interrogatory to which the document is responsive.

7. These Interrogatories are continuing requests. Consequently, if any information you did not or could not provide for any reason is obtained, or if information formerly unknown to you is discovered which is covered by these Interrogatories, you should immediately prepare supplemental Interrogatory responses.

8. The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips,

hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you or papers or writings similar to any of the foregoing including the e-mail or other such information contained on hard disks, floppy disks or other computer related storage media, whether or not generated initially by a computer related media. The term "document" or "documents" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

9. As used herein, the phrases "relating to" or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with, commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

10. "DESCRIBE" or "IDENTIFY" when used with respect to a statement or communication means to identify the person making the statement or communication, the date it was made, the person or persons to whom the communication was made and who witnessed the same, the contents of the communication and the place where it was made.

11. "DESCRIBE" when used in connection with an act means to provide the identity of the actor, the specific nature of the act, the date and place of the act and the identities of the individuals present.

12. "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of

meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

13.  The word "transaction" refers to any agreement, contract, promise, oral communication, exchange of assets, monies, services, labor, equipment, documents, or writings, sale, loan, gift, transfer, note, mortgage, security agreement, the conduct of any business negotiation, management, meeting, conference, function and any interaction between two or more persons by which one person can derive impressions or information from the conduct, condition, or language of the other, and vice versa, which did or did not change the condition, asset or knowledge of any person directly or indirectly involved.

14.  "And" or "or" shall be construed both disjunctively and conjunctively.

15.  In construing these discovery requests, the singular shall include the plural and the plural shall include the singular. Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate. The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

16.  As used herein, "PROPERTY" shall mean the property owned by Billy Hamilton which is located at 117 South Broadway in Council Hill, Oklahoma and insured at all times material hereto by Northfield under insurance policy # WS219672.

**FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** IDENTIFY all DOCUMENTS relating to the insurance claim made by Mr. Hamilton to YOU for loss to the PROPERTY.

4

**INTERROGATORY NO. 2**: IDENTIFY all persons who have any knowledge concerning the insurance claim made by Mr. Hamilton to YOU for loss to the PROPERTY.

**INTERROGATORY NO. 3**: IDENTIFY all persons who participated in the handling of the insurance claim made by Mr. Hamilton to YOU for loss to the PROPERTY. State each person's title and how long they have worked for YOU.

**INTERROGATORY NO. 4**: IDENTIFY the supervisors of all persons who participated in the handling of the insurance claim made by Mr. Hamilton to YOU for loss to the PROPERTY. State each person's title, how long they have worked for YOU, and identify each person from those listed in response to Interrogatory No. 3 whom they supervise.

**INTERROGATORY NO. 5**: State your net worth and IDENTIFY the DOCUMENT(S) from which the stated figure was determined.

**INTERROGATORY NO. 6**: DESCRIBE all inspections of the PROPERTY by YOU prior to issuance of an insurance policy to Mr. Hamilton or at any other time prior to Mr. Hamilton filing an insurance claim on the PROPERTY.

**INTERROGATORY NO. 7**: IDENTIFY all underwriting actions taken by YOU in connection with Mr. Hamilton's insurance policy on the PROPERTY.

**INTERROGATORY NO. 8**: DESCRIBE the business relationship between Northfield Insurance Company and Northland Insurance.

**INTERROGATORY NO. 9**: DESCRIBE in detail the complete factual basis for any affirmative defense raised in YOUR Answer.

**INTERROGATORY NO. 10**: IDENTIFY all of the individuals whom YOU intend to call as expert witnesses at the time of trial by listing their name, business address, telephone number and the following:

      (a)    the subject matter on which each expert witness is expected to testify;

      (b)    the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

      (c)    the qualifications of each expert, including a list of all publications authored by the expert witness within the preceding ten (10) years;

      (d)    the compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

      (e)    a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 11:** IDENTIFY all persons YOU intend to call as witnesses at the trial of this matter and provide a summary of each person's anticipated testimony.

**INTERROGATORY NO. 12:** IDENTIFY all DOCUMENTS YOU intend to use as exhibits at the trial of this matter.

                                  Respectfully submitted,

                                  */s/ Kris Ted Ledford*

                                  KRIS TED LEDFORD, OBA #17552
                                  LEDFORD LAW FIRM
                                  Heritage Professional Plaza
                                  425 East 22nd Street, Suite 101
                                  Owasso, OK  74055
                                  Telephone: (918) 376-4610
                                  Facsimile: (918) 376-4993
                                  Email: kris@ledford-lawfirm.com

                                  *Attorney for Plaintiff*

