IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**Billy Hamilton**,

    Plaintiff,

v.

**Northfield Insurance Company**,

    Defendant.

Case No. 16-CIV-519-RAW

**ORDER**

    Before the court is the motion of the defendant Northfield Insurance Company ("Northfield") for summary judgment. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim. *J.V. v. Albuquerque Public Schs.,* 813 F.3d 1289, 1296 (10th Cir.2016). When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wright v. Experian Info. Sols.*, *Inc.,* 805 F.3d 1232, 1239 (10th Cir.2015).

    Plaintiff is the owner of a commercial building located at 117 South Broadway in Council Hill, Oklahoma, which was insured at all times pertinent to this litigation by defendant under insurance policy #WS219672. In December, 2015, plaintiff filed an insurance claim with defendant for damage to the roof and interior of the building. Defendant denied the claim on the grounds that the policy did not cover the loss. Defendant also declined to renew plaintiff's insurance policy.

Plaintiff contends that defendant's denial of the insurance claim constitutes a breach of the insurance policy and that defendant's conduct in connection with the handling of the claim constitutes a breach of the duty of good faith and fair dealing. Plaintiff is seeking recovery of actual and punitive damages.

This case is before the court based on diversity jurisdiction and therefore Oklahoma law applies. *See Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co.,* 720 F.3d 798, 804 (10th Cir.2013). "Insurance policies are contracts interpreted as a matter of law." *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.,* 148 P.3d 832, 835 (Okla.2005). To recover on a breach of contract claim, plaintiff must prove: (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach. *Digital Design Grp., Inc. v. Info. Builders, Inc.,* 24 P.3d 834, 843 (Okla.2001).

"When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning; and the contract is enforced carrying out the parties' intentions" *BP,* 148 P.3d at 835. On the other hand, "[a]n insurance contract is considered a contract of adhesion in Oklahoma, and is construed in favor of the insured when ambiguity remains after applying the rules of construction." *Mansur v. PFL Life Ins. Co.,* 589 F.3d 1315, 1319 (10th Cir.2009). "[C]ourts must examine the policy language objectively to determine whether an insured could reasonably have expected coverage." *Max True Plastering Co., v. U.S. Fid. & Guar. Co.,* 912 P.2d 861, 865 (Okla.1996).

Defendant essentially bases the present motion (as to breach of contract) on a separate motion: defendant's motion to strike or exclude plaintiff's expert testimony (#47). That is, defendant argues that without plaintiff's proffered expert testimony, plaintiff has no evidence that wind was the cause of the leak, and therefore no evidence of breach. In a companion order, the court

has denied the separate motion. The court finds there are genuine issues of material fact as to breach of contract.[1]

The court now addresses plaintiff's claim that defendant breached an insurer's duty of dealing fairly and in good faith. This tort arises from the insurer's implied duty to deal fairly and act in good faith with its insured. *Southern Hospitality, Inc. v. Zurich Am. Ins. Co.,* 393 F.3d 1137, 1142 (10th Cir,2004). The duty is not breached, however, if the insurer refuses to pay a claim or litigates a dispute with its insured if there is a legitimate dispute as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate. *Id.* The elements plaintiff must prove are: (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. *Toppins v. Minnesota Life Ins. Co.,* 460 Fed. Appx. 768, 771 (10th Cir.2012).

The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy. *Ozment v. Amer. Cas. Prop. & Cas. Co.,* 2013 WL 3179522, *5 (N.D.Okla.2013)(citations omitted). In order to succeed on a claim for bad faith, the claimant must be able to prove that the insurer's actions went beyond an act of simple negligence; however, it is not necessary to prove that the insurer acted recklessly to prove liability, even though recklessness is a requirement for punitive damages in a bad faith claim. *Id.* The court can consider only the facts known or knowable about

---

[1] In its reply to the present motion, defendant concedes that "[i]f the Court determines that Mr. Akles can give testimony, then Northfield admits there would then be a dispute of material fact as to the cause of damage to Mr. Hamilton's roof." (#72 at 6)(footnote omitted).

3

the claim at the time the insured requested the insurer to perform its contractual obligation. *Id.*

In determining whether to pay a claim, the insurer must conduct an investigation "reasonably appropriate under the circumstances." *Willis v. Midland Risk Ins. Co.,* 42 F.3d 607, 612 (10th Cir.1994). To succeed on a bad faith claim based on the theory of inadequate investigation, "the insured must make a showing that material facts were overlooked or that a more thorough investigation would have produced relevant information." *Sellman v. AMEX Assur. Co.,* 274 Fed.Appx. 655, 658 (10th Cir.2008). Nevertheless, "nothing in the law requires an insurer to investigate a claim exhaustively or to a faultless degree of accuracy. Rather, the investigation only needs to be 'reasonable under the circumstances.'" *Harris v. Progressive Direct Ins. Co.,* 2016 WL 9022439, *3 (W.D.Okla.2016)(citation omitted).

The court finds summary judgment is appropriate. Even viewing the facts in a light most favorable to plaintiff, the defendant's initial inspection indicated the leak was not caused by wind damage. Upon receipt of the letter from plaintiff's roofer, defendant reopened the claim and hired an independent engineering firm to do another inspection.[2] The second inspection came to the same conclusion as the first. Even if both inspections were mistaken, this demonstrates at most negligence on defendant's part, which will not suffice for a bad faith claim.[3] This matter is the quintessential case of a simple dispute over whether a claim is covered under an insurance policy. Northfield had the right to contest liability based on the information it possessed.

---

[2] Plaintiff has suggested at times that this engineering firm was not truly "independent" from defendant, but has not presented sufficient evidence on this point.

[3] Plaintiff also suggests that the defendant's decision that plaintiff's policy not be renewed suggests bad faith, but plaintiff's evidence does not establish this, even if the court concluded that it was appropriate to consider the two courses of conduct together.

The availability of a punitive damage award in a bad faith case is not automatic, but rather is governed by the standard applicable in other tort cases. The plaintiff must show that the defendant acted with oppression, malice, fraud or gross negligence or wantonness. *Cole v. Shelter Mut. Ins. Co.,* 2014 WL 5018591, *4 (W.D.Okla.2014). Punitive damages in bad faith cases require a finding that the conduct of the insurance company was in reckless disregard for the interests of the plaintiff, or was based on a dishonest judgment, or was otherwise malicious, willful, or wanton. *Sloan v. State Farm Mut. Auto. Ins. Co.,* 360 F.3d 1220, 1224 (10th Cir.2004). As the plaintiff has failed to raise a genuine issue of material fact as to a bad faith claim, the court *a fortiori* finds that plaintiff has not demonstrated his claim for punitive damages survives the present motion.

It is the order of the court that the motion of the defendant for summary judgment (#48) is hereby granted as to plaintiff's claims for bad faith and punitive damages, and is hereby denied as to plaintiff's claim for breach of contract.

Dated this 20th day of June, 2017.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA