IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BILLY HAMILTON,

        Plaintiff,

v.

        Case No:  16-CIV-519-RAW

NORTHFIELD INSURANCE COMPANY,

        Defendant.

## PLAINTIFF'S MOTION FOR ATTORNEY FEES AND BRIEF IN SUPPORT

Pursuant to Fed.R.Civ.P. 54(d)(2), LCvR 54.2, and 36 O.S. § 3629, Plaintiff, Billy Hamilton, respectfully requests the Court to award attorney fees to Plaintiff.  In support of this Motion, Plaintiff would show the Court as follows.

On July 20, 2017, a jury returned a verdict (Dkt. 108) in favor of Plaintiff on his breach of contract claim in the amount of $10,652.00.  On July 25, 2017, the Court entered a judgment (Dkt. 113) in favor of Plaintiff for this same amount.[1]  Plaintiff's breach of contract claim is based on Defendant's failure to pay money due under an insurance policy; therefore, 36 O.S. § 3629(B) is applicable.  Section 3629(B) provides in pertinent part as follows:

> Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.  For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.  In all other judgments the insured shall be the prevailing party.

---

[1] Contemporaneous with the filing of this Motion for Attorney Fees, Plaintiff is also filing a Bill of Costs seeking $10,612.83 in costs and a Motion to Include Statutory Interest in Judgment seeking $2,543.35 in statutory interest.

36 O.S. § 3629(B).  Since Defendant completely denied Plaintiff's claim and the jury returned a verdict in favor of Plaintiff, Plaintiff is considered the prevailing party under this statute and is entitled to an award of attorney fees.[2]

"In determining reasonable attorneys' fees, courts first calculate the 'lodestar' figure, that is, the product of multiplying reasonable hours by a reasonable hourly rate." *Chatman v. Buller*, 2013 WL 5729603 *1 (E.D. Okla. Oct. 22, 2013).  "This 'lodestar amount' is 'the centerpiece of attorney's fee awards.'"  *Id.* (*quoting Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)).  "The lodestar figure 'is the presumptively reasonable fee.'"  *Id.* (*quoting Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994)).

Plaintiff's counsel became a licensed attorney in 1997, has an AV rating by Martindale-Hubbell, and has handled first party insurance cases throughout his twenty year legal career.  *See* Affidavit of Kris Ted Ledford ("Ledford Affidavit") at ¶ 2 attached as Exhibit 1.  In light of Plaintiff's counsel experience, counsel for the parties have reached an agreement that the reasonable hourly rate for Plaintiff's counsel for this case is $260/hour.[3]  This rate is consistent with hourly rates recently approved by judges within the Eastern District of Oklahoma and Northern District of Oklahoma which are basically in the same legal market.  *See Chatman*, at *2 (approving rate of $250/hour for attorney with 8 years of experience and $300/hour for attorney

---

[2] Alternatively, Defendant's written settlement offers made prior to trial (all of which encompassed all damages, attorney fees, and costs) were significantly less than the amount of the verdict coupled with the amount Plaintiff is legally entitled to recover for these same items.

[3] In reaching this agreement, Plaintiff's counsel agreed <u>not</u> to seek any fee enhancement and <u>not</u> to seek any recovery for the significant amount of work performed by his legal administrative assistant which included extensive work relating to exhibits, document discovery, and color coding deposition designations/counter-designations/objections.

with 11 years of experience),[4] *Gibson v. Simm Assoc.*, 2015 WL 363898 *1-2 (N.D. Okla. Jan. 27, 2015)(approving rate of $250/hour for attorney with twenty years of experience), *Winn & Associates, PLLC v. EmCare Physician Providers, Inc.*, 2015 WL 1428031 *4 (E.D. Okla. March 27, 2015)(approving rate of $275/hour for attorney with 17 years of experience); *McCrary v. Country Mutual Ins. Co.*, 2016 WL 8118183 *2 (N.D. Okla. June 22, 2016)(approving rate of $250/hour in first party insurance case); *Crouch v. Thompson*, 2015 WL 13158318 *2 (E.D. Okla. Nov. 3, 2015)(approving rate of $200/hour for attorney with twenty years of experience); *Stricklin v. Yarbrough*, 2012 WL 7829602 *9 (N.D. Okla. Dec. 19, 2012)(approving rate of $265/hour for attorney with twenty years of experience)(magistrate report and recommendation adopted in part and rejected in part *but hourly rates not impacted* in *Strickland v. Yarbrough*, 2013 WL 1343151 (N.D. Okla. March 31, 2013)); and *QuickTrip Corp. v. Javaher*, 2015 WL 7103558 *7 (N.D. Okla. Nov. 13, 2015)(approving attorney hourly rate up to $340/hour). As illustrated by the cases cited above, the agreed hourly rate of $260/hour is well within the range of court approved rates and is even toward the low end of previously approved rates for an attorney with the experience of Plaintiff's counsel.

Plaintiff's counsel has maintained contemporaneous time records throughout the course of this litigation. *See* Ledford Affidavit at ¶ 3 attached as Exhibit 1. A copy of the contemporaneous time records are attached as Exhibit 2. These time records reflect that Plaintiff's counsel has invested 441 hours in this case as of the filing of this motion. *See id*. Plaintiff's counsel

---

[4]  The *Chatman* decision also relied upon a survey of rates charged by law firms located in Tulsa, Oklahoma which showed that lawyers with only 10-12 years of experience charge hourly rates ranging between $160 and $330 per hour, with most respondents at the 10-12 year experience level charging $250 per hour. *See id*. at *2.

respectfully submits that the amount of time he has invested in this case has been reasonable and necessary to properly represent Plaintiff in this hotly contested case which involved significant pre-trial motion practice initiated by Defendant.  *See* Ledford Affidavit at ¶ 3 attached as Exhibit 1.  Multiplying the agreed hourly rate of $260/hour by the total of 441 hours results in a lodestar figure of $114,660.  Plaintiff has agreed not to seek any enhancement of the lodestar figure.

In addition to attorney fees, travel expenses are also properly recoverable as "incidental and necessary expenses incurred in furnishing effective and competent representation."  *Quail Creek Petroleum Mgmt. Corp. v. XL Specialty Ins. Co.*, 129 Fed.Appx. 466, 472, 2005 WL 984377 *5 (10th Cir. April 28, 2005)(*quoting Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000)).  In *Quail Creek*, the plaintiff sought recovery of travel expenses "associated with conducting depositions in cities where the defendant's representatives were located."  *Id*.  The Tenth Circuit held that the district court's refusal to award these expenses was "legal error."  *Id*.; *see also Okla. Tpk. Auth. v. Little*, 860 P.2d 226, 228 (Okla. 1993)(affirming district court's award of reasonable attorney-travel expenses under *Burk*).  However, because it is not entirely clear under *Quail Creek* whether these travel expenses should be requested along with the motion for attorney fees or as part of the bill of costs, Plaintiff has included travel expenses in both submissions out of an abundance of caution with the express recognition that they should only be awarded once.  Plaintiff seeks $719.49 in travel expenses in connection with depositions of Defendant's representatives (Curtis Lucky and Scott Stanek) which were conducted in Minnesota because Defendant was unwilling to bring those witnesses to Oklahoma for their depositions.  These travel expenses are itemized as follows:

| Date | Description | Amount |
|---|---|---|
| 2/2-3/2017 | Airfare to and from Minnesota for depositions | $525.60 |
| 2/2/2017 | Train fare in Minnesota for depositions | $1.75 |

| | | |
|---|---|---:|
| 2/3/2017 | Taxi fare in Minnesota for depositions | $54.00 |
| 2/3/2017 | Airport parking for trip to Minnesota for depositions | $16.28 |
| 2/3/2017 | Hotel in Minnesota for depositions | $121.86 |
| | **Subtotal** | **$719.49** |

*See* Ledford Affidavit at ¶ 7 attached as Exhibit 1.

WHEREFORE, for the above and foregoing reasons, Plaintiff respectfully requests the Court to award Plaintiff attorney fees in the amount of $115,379.49 (attorney fees of $114,660 and travel expenses of $719.49)[5] and include the attorney fee award in the judgment.

                                                Respectfully submitted,

                                                /s/ Kris Ted Ledford
                                                KRIS TED LEDFORD, OBA #17552
                                                LEDFORD LAW FIRM
                                                Heritage Professional Plaza
                                                425 East 22nd Street, Suite 101
                                                Owasso, OK  74055
                                                Telephone: (918) 376-4610
                                                Facsimile: (918) 376-4993
                                                Email: kris@ledford-lawfirm.com

                                                *Attorney for Plaintiff*

---

[5] Plaintiff only seeks recovery of the travel expenses as part of this Motion if the travel expenses are <u>not</u> awarded as part of the Bill of Costs.

## **CERTIFICATE OF SERVICE**

       This is to certify that on this 27th day of July, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

       DARRELL DOWNS
       STRATTON TAYLOR
       JACOB R. DANIEL
       TAYLOR, FOSTER, MALLETT, DOWNS, RAMSEY, & RUSSELL
       400 West Fourth Street
       P.O. Box 309
       Claremore, OK  74108

*Attorneys for Defendant*

                                                /s/ Kris Ted Ledford
                                                KRIS TED LEDFORD