UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

(1) BILLY HAMILTON, an individual,

     Plaintiff,

v.

(1) NORTHFIELD INSURANCE COMPANY,
 a foreign insurance company,

     Defendants.

Case No. 16-CV-00519 RAW

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

COMES NOW, the Defendant Northfield Insurance Company ("Northfield") and provides this response to Plaintiff's Motion for Attorney's Fees [Dkt. #117]. In response, Defendant states as follows:

**FACTUAL BACKGROUND**

On June 20, 2017, this Court granted summary judgment to Defendant as to Plaintiff's bad faith and punitive damage claims. See Order [Dkt. #74]. Before the dismissal, Plaintiff's claim to damages was approximately $681,305. See Plaintiff's Second Supplemental Rule 26 Initial Disclosure. [Dkt. #40]. Weeks before trial, Northfield counsel transmitted a written settlement offer of $45,000 via electronic mail to Plaintiff's counsel. See Exhibit A. On June 29, the Plaintiff decided to reject the offer. See Exhibit B. Plaintiff obtained a judgment against Northfield in the amount of $10,652 as a result of a jury award. See Judgment [Dkt. #113].

**ARGUMENT**

**A.) Plaintiff is not the prevailing party within the meaning of the Okla. stat. tit. 36, § 3629(B), and therefore is not due attorney's fees, statutory interest, or costs under that section**

Plaintiff's foundation for his claims of attorney's fees, statutory interest, and costs against

1

Northfield is Okla. Stat. tit. 36, § 3629(B).[1] Defendant incorporates its argument concerning §3629 from its Response to Plaintiff's Opposed Motion for Statutory Interest [Dkt. #119], as it is applicable to Plaintiff's ability to recover attorney's fees under the statute.

Cases construing § 3629 allow the highest written settlement offer from the insurer to the insured to qualify as a "written settlement offer" within the meaning of § 3629. See, e.g. Oulds v. Principal Mut. Ins. Co., 6 F.3d 1431, 1445 (10th Cir. 1993); see also Shadoan v. Liberty Mut. Ins. Co., 894 P.2d 1140, 1144 (Okla. Civ. App. 1994). Moreover, the amount of possible attorney's fees and costs are not added to the "judgment" for comparative purposes unless the settlement offer itself expressly signals intent to encompass those amounts. Id. at 1446.

Defendant Northfield submitted a written settlement offer within the meaning of §3629 for $45,000. See Exhibit A. In its Response to Plaintiff's Opposed Motion for Statutory Interest [Dkt. #114], Northfield argues the written settlement offer at issue is a "straight offer," meaning it did not explicitly signal intent to satisfy Plaintiff's attorney fee and cost burdens, even if the Plaintiff decided to use a portion of that amount to satisfy those debts. The Tenth Circuit in Oulds affirmatively held straight offers are not to be interpreted to include attorney's fees and costs for purposes of §3629. Oulds, 6 F.3d at 1446.

Because this Court entered judgment for $10,652–an amount far less than Northfield's $45,000 offer–the Defendant is considered the "prevailing party." Accordingly, the Court should deny Plaintiff's Opposed Motion to Include Statutory Interest in Judgment [Dkt. #114]; Plaintiff's Brief in Support of Costs [Dkt. #116]; Plaintiff's Motion for Attorney's Fees and Brief in Support [Dkt. #117].

**B.) Plaintiff cannot recover fees related to bad faith or punitive damages**

---

[1] See Plaintiff's Opposed Motion to Include Statutory Interest in Judgment [Dkt. #114]; Plaintiff's Brief in Support of Costs [Dkt. #116] (relying on § 3629 in part); Plaintiff's Motion for Attorney's Fees and Brief in Support [Dkt. #117].

If it is determined the Plaintiff is the prevailing party under the statute, this Court must still examine the Plaintiff's requested fees. Oklahoma law does not allow Plaintiff insureds, who are prevailing parties under §3629, to obtain any fees solely related to a failed bad faith or punitive damage claim. In Sims v. Great American Life Ins. Co., the Tenth Circuit held the insured could not recover fees which could be attributed only to the bad faith claim. 207 Fed.Appx. 908, 910 (10th Cir. 2006) (interpreting §3629); Quail Creek Petroleum Management Corp. v. XL Specialty Ins. Co., 129 Fed.Appx. 466, 471 (10th Cir. 2005) (if billing purpose was to establish unreasonableness of denial, the court should disallow such fee); see also Henderson, 560 F.Supp.2d at 1105.

In this case, and in examining the Plaintiff's hours as submitted, it is apparent there are categories of work that are solely related to either bad faith or punitive damages. For example, any work related to non-renewal of insurance must be disallowed; this would include any work subpoenaing documents or taking the deposition of the underwriter, Graham Rogers, Inc. Another example would be work researching market conduct, working on motions in limine regarding non-renewal and punitive damages.

The Court granted summary judgment for Defendant as to Plaintiff's bad faith and punitive damage claims. See Order [Dkt. #74]. Accordingly, any fees related solely to those claims must be stricken. For the convenience of the Court, Defendant has attached a copy of Plaintiff's submitted bills with highlighted entries. See Exhibit C. The pink highlighted entries are those which Defendant believes are solely related to bad faith and/or punitive damages. This totals to a $2,470 reduction, resulting in a total claim of $111,909.45 before any other reductions.

**C.) This Court should reduce the overall amount of Plaintiff's attorney's fees based on reasonableness**

Courts scrutinize reasonableness of fees sought under §3629, similar to other requests for fees. Peters v. American Home Life Ins. Co., 77 P.3d 1090, 1102 (Okla. Civ. App. 2002) (assessing reasonableness of fee while interpreting §3629). The fee applicant bears the burden of establishing the award requested is reasonable under the circumstances. Henderson v. Horace Mann Ins. Co., 560 F.Supp.2d 1099, 1112 (N.D. Okla. 2008) (applying Oklahoma law); see also Hensley v. Eckerhart, 461 U.S. 424, 438 (1983); Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995) (plaintiff has burden to "prove and establish the reasonableness of each dollar, each hour, above zero") (internal citations omitted). The district court, while it has discretion in regard to attorney fees, must "provide a concise, but clear explanation of its reasons for a fee award." Hensley, 461 U.S. at 437.

1. **The Plaintiff's attorney's fee award must be reduced to a level commensurate with his success in the case**

The most compelling reason to reduce the fee amount in this case is comparing the amount sought on all claims versus the amount successfully obtained by the Plaintiff. A reduction of the lodestar fee based on the proportion of the amount sought versus obtained is engrained in Oklahoma law. "Attorney fees must bear some rational relationship to the amount recovered." Hall v. Globe Life & Acc. Ins. Co., 968 P.2d 1260, 1262 (Okla. Civ. App. 1998) (citing Southwestern Bell Telephone Co. v. Parker Pest Control, 737 P.2d 1186, 1189 (Okla. 1987)) (interpreting §3629). One of the eight factors listed in State ex rel. Burk v. City of Oklahoma City is "the amount involved and the results obtained." 598 P.2d 659, 661 (Okla. 1979). Reasonableness of attorney's fees is not solely ascertained through a reasonable rate.[2] Arkoma Gas Co. v. Engineering Corp., 849 P.2d 392, 394 (Okla. 1993). Additionally, the reasonableness of fees cannot be determined on

---

[2] As noted in Plaintiff's Motion, the parties have agreed to an hourly rate of $260/hour due to Plaintiff's counsel's experience and expertise.

4

time spent alone. Peters, 77 P.3d at 1102.

"Where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id. (citing Hensley, 461 U.S. at 436). "The district court may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for limited success." Hensley, 461 U.S. at 437. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id.

In Arkoma Gas Co. v. Engineering Corp., the Oklahoma Supreme Court reduced the lodestar amount to reasonable level proportionate to the award obtained. 849 P.2d at 394. The plaintiff in that case sought $70,000 in damages, but only ended up receiving $100 at trial. Id. at 393. The plaintiff's attorneys sought $24,627 in fees. Id. The trial judge in that case reduced the fee amount, based on the reasonableness factors in Burk, to $5,000 plus costs. Id. The Supreme Court upheld that ruling, writing "we [have] recognized that the amount of recovery, along with the amount sued for, may and should be taken into account by the trial judge in each case where an attorney's fee is awarded." Id. at 394. The Court also commented "the trial judge considered the amount of attorney's fees in relation to the result achieved by the plaintiff and considering the lack of novelty and complexity in this case. What is reasonable in each case must be considered in light of the extent to which the plaintiff prevailed." Id.

"We would be reluctant to hold that a trial court should be able to consider that a party mistakenly valued a $30,000 case as a $1,000,000 case and expended time and money accordingly." Hall v. Globe Life & Acc. Ins. Co., 968 P.2d 1260, 1262 (Okla. Civ. App. 1998). In this case, the Oklahoma Court of Civil Appeals upheld a trial judge's reduction of attorney's fees. The reduction was based on "her evaluation of the case and the results obtained." Id. The court

went on to write:

> Because we hold that the trial court did not abuse its discretion in reducing the lodestar amount because of the amount involved, the relatively modest recovery, and failure to present sufficient evidence to submit a punitive damages instruction to the jury, it would be difficult, albeit not impossible, to find that the diminished lodestar should be enhanced.

Id.

Lastly, in Peters v. American Home Life Ins.Co., the Oklahoma Court of Civil Appeals remanded a breach of contract/bad faith case to the trial court with instructions to enter a proportionate attorney's fees amount. 77 P.3d 1090 (Okla. Civ. App. 2002) (discussing reasonableness of attorney fees under §3629). The award was originally above $500,000, but the court reduced the award to $44,060 due to an issue of jury confusion. Id. at 1100-01. The court noted that, since it reduced the award, the trial court was tasked with reducing the amount of fees to a reasonable level, based largely on the award won by the plaintiff. Id. at 1103. In its instructions to the trial court, the Court of Civil Appeals noted "much of counsel's time will generally be devoted to the litigation as a whole, making it difficult dividing the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discreet claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff to the hours reasonably expended on the litigation. Where plaintiff has obtained excellent results, his attorney should recover a fully-compensatory fee." Id. at 1102 (citing RJB Gas Co. v. Colorado Interstate Gas Co., 813 P.2d 1 (Okla. Civ. App. 1989)).

Here, the Plaintiff obtained an award extraordinarily less than what he sought. As recently as May of this year, Plaintiff's own total damages sought was roughly $681,000. See Plaintiff's Second Supplemental Initial Disclosures [Dkt. #40]. He ended up getting a verdict of $10,652– **approximately 64 times less than or 1.56% of what he sought.** See Judgment [Dkt. #113].



"A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 437. "The most critical factor is the degree of success obtained." Id. at 436.

Unlike the plaintiff in Hall, Mr. Hamilton does not additionally seek an enhancement of attorney's fees. However, similar to Hall, the Plaintiff drastically undervalued this case. Northfield contends the question of bad faith–and almost assuredly punitive damages–was actually never in question. The facts of the case do not present colorable bad faith or punitive damage claims. As the Court noted in its dismissal of those claims: "[t]his matter is the quintessential case of a simple dispute over whether a claim is covered under an insurance policy." Order, p. 4 [Dkt. #74].

Northfield realizes work in breach of contract/bad faith litigation can generally apply to both claims at times. See Quail Creek Petroleum Management Corp. v. XL Specialty Ins. Co., 129 Fed.Appx. 466 (10th Cir. 2005). Plaintiff may rely on this case to argue he should be paid all fees

reasonable related to the breach of contract claim. Id. at 471.[3] However, this case goes more to whether fees should be reduced due to the amount of time spent on bad faith versus breach of contract. Northfield has specifically identified which fees it believes are solely related to bad faith and punitive damages above. This case does not hold, however, that a trial court cannot reduce the lodestar by a percentage proportionate to the award obtained. See Peters, 77 P.3d (discussing reasonable reduction of fees under §3629). Courts have applied Burk and Hensley in analyzing the reasonableness of fees under §3629, whether in the context of increasing or decreasing the fees. See id.; see also Hall, 968 P.2d; Henderson v. Horace Mann Ins. Co., 560 F.Supp.2d 1099 (N.D. Okla. 2008).

**2. Other factors also support an overall reduction of Plaintiff's requested fee**

Additionally, there are numerous other factors which merit a reduction. Chiefly among those is Plaintiff's counsel billing practice of using quarter-hour increments, rather than the modern accepted method of billing in tenths. It has been recognized that quarter hour billing leads to inflation of time.[4] In Welch v. Metropolitan Life Ins. Co., the Ninth Circuit affirmed an across-the-board 20% reduction in the total attorney's fees amount because counsel used quarter-hour increments. 480 F.3d 942, 948 (9th Cir. 2007). The lower court found this was akin to "block billing," and was unacceptable. Id. "Hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees." Hensley, 461 U.S. at 434.

Billing in tenths, rather than quarters, is well-accepted and expected in the modern practice of law. See e.g. Swisher v. United States, 262 F.Supp.2d 1203 (D. Kan. 2003) (reducing lodestar amount by 12.3% for quarter hour billing); Brandt v. Astrue, 2009 WL 1727472 (D. Or. June 16,

---

[3] It should be noted this case is unpublished.
[4] "Some firms bill attorney time in minimum quarter-hour increments, a practice that can result in artificially large billable hour totals." Douglas Richmond, The New Law Firm Economy, Billable Hours, and Professional Responsibility, 29 Hofstra L. Rev. 207 (2000).

2009) (unpublished) ("I agree that billing in the larger 0.25 increments inflates the billing hours . . ."); Ramsey v. State of Alabama Public Service Com'n, 2000 WL 426187 (M.D. Ala. Apr. 13, 2000) (unpublished). Plaintiff's use of quarter-hour increments for everything billed–at no point was anything billed lower than 0.25–artificially inflates the total amount of time spent on the case, therefore a reduction is warranted.

Other factors which justify a reasonable overall reduction are the fact that many fees were generated while defending against Defendant's Motion to Compel Tax Returns, which Plaintiff lost; Plaintiff's Response to Defendant's Motion for Summary Judgment was mostly predicated on defending bad faith and punitive damages from dismissal, which Plaintiff lost; and there was an abundance of time spent prosecuting Plaintiff's Motion to Compel, which was only partially successful. Moreover, most deposition time, motion time, etc. was spent on bad faith and punitive damages.[5]

### 3. Northfield asks the Court for a Reasonable Overall Reduction

Plaintiff has asked for $114,379.45 of attorney's fees.[6] See Plaintiff's Motion for Attorney's Fees and Brief in Support [Dkt. #117]. After deducting the setoff for fees solely related to bad faith and punitive damages, the remaining amount totals $111,909.45. Because Plaintiff only obtained $10,652 of the estimated damages of $681,305 that he sought, Northfield asks this Court to reduce the lodestar amount to a level commensurate with Plaintiff's verdict award in this case. A significant reduction is merited, considering the Plaintiff actually won 1.56% of the damages he was asking for. If the Plaintiff's full amount is granted, it would amount to an

---

[5] There was also time spent preparing for depositions, taking depositions, and witness examination preparation (including deposition designations) for witnesses Plaintiff decided to release from subpoena, namely Timothy France and David Quiroz.

[6] Plaintiff also includes in his Motion a request for travel expenses. These are also included in his bill of costs. Northfield believes Oklahoma law does not allow travel expenses to be compensable costs, even if time billed for travel is. See Peters, 77 P.3d at 1101. Northfield's detailed argument is located in Defendant's Objection to Plaintiff's Bill of Costs [Dkt. #120].

attorney's fees award that is more than ten times the verdict won.

## CONCLUSION

As stated in detail in Defendant's Response to Plaintiff's Opposed Motion for Statutory Interest [Dkt. #119], Northfield argues that Plaintiff was not the "prevailing party" within the meaning of §3629, and therefore is not eligible to obtained fees, costs, or interest. However, if this Court disagrees, the Court must still reduce the lodestar amount to a reasonable amount commensurate with the Plaintiff's success in this case. Accordingly, the Court should deny Plaintiff's Opposed Motion to Include Statutory Interest in Judgment [Dkt. #114]; Plaintiff's Brief in Support of Costs [Dkt. #116]; Plaintiff's Motion for Attorney's Fees and Brief in Support [Dkt. #117], or in the alternative, reduce the attorney's fees award to a level commensurate with Plaintiff's success.

Respectfully submitted,
**TAYLOR, FOSTER, MALLETT, DOWNS, RAMSEY & RUSSELL**, A Professional Corporation

*/s/ Jacob R. Daniel*
R. STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
JACOB R. DANIEL, OBA # 32760
jdaniel@soonerlaw.com
400 West Fourth Street
P.O. Box 309
Claremore, Oklahoma 74018
Telephone:   918/343-4100
Facsimile:   918/343-4900
***Attorneys for Defendant, Northfield Insurance Company***

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 10th day of August, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kris Ted Ledford, OBA #17552
Ledford Law Firm
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
*Attorney for Plaintiff*

                                                     */s/ Jacob R. Daniel*