## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-519-RAW |
| | ) | |
| NORTHFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the court are related motions of the plaintiff. This action proceeded to jury trial on plaintiff's claim for breach of insurance contract.[1] On July 20, 2017 the jury returned a verdict in favor of plaintiff in the amount of $10,652.00.[2] On July 25, 2017, the court entered judgment (#113) in plaintiff's favor in that amount. In one pending motion, plaintiff asks the court to award fees, pursuant to 36 O.S. §3629(B).[3] In another, plaintiff asks the court to include statutory interest in the judgment, pursuant to the same statute. Finally,

---

[1]On June 20, 2017, the court entered an order (#74) granting defendant's motion for summary judgment as to plaintiff's claims for bad faith and punitive damages, and denying the motion as to plaintiff's claim for breach of contract. Plaintiff filed a notice of appeal on August 22, 2017 (#125), but this court may consider attorney fees as a collateral matter. *See Smith v. Phillips*, 881 F.2d 902, 905 n.9 (10th Cir.1989). In any event, the Tenth Circuit has abated the appeal pending this court's ruling on plaintiff's motion for prejudgment interest. (#128).

[2]The court had instructed the jury that any award of damages could not exceed this amount. (#107 at page 19 of 28 in CM/ECF pagination).

[3]In a diversity case, such as this, the matter of attorney fees is a substantive legal issue and is therefore controlled by state law. *N. Tex. Prod. Credit Ass'n v. McCurtain Cty. Nat'l Bank,*, 222 F.3d 800, 817 (10th Cir.2000). The Oklahoma statute regarding attorney fee recovery as to certain contracts (12 O.S. §936) is not applicable to an insurance coverage dispute. *Spears v. Shelter Mut. Ins. Co.,* 73 P.3d 865, 870 (Okla.2003).

plaintiff has filed a bill of costs, in response to which defendant raises the same legal issue which will be discussed in this order.

The pertinent Oklahoma statute (36 O.S. §3629(B)) provides:

It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

Defendant concedes that it did not make a written settlement offer within the 90 day framework set forth in the subsection's first sentence, and that this fact precludes defendant from recovering attorney fees.  (#119 at 3 n.2).  *See AG Equip. Co. v. AIG Life Ins. Co.,* 691 F.Supp.2d 1295, 1309 (N.D.Okla.2010)("Even if the insurer is the prevailing party as defined in §3629(B), it cannot recover attorney fees if it failed to meet the 90-day limit to reject or offer to settle the claim").

As this quoted passage indicates, however, the fact that the insurer has waived its right to fees does not mean that the insured is automatically the prevailing party.  *Oulds v. Principal Mut. Life Ins. Co.,* 6 F.3d 1431, 1445 (10th Cir.1993).  "An insurer's failure to make an offer within ninety days, while acting to deprive the insurer of a chance to claim fees, does not make it impossible for the insurer to protect itself from a fee claim by the insured."  *Id.*   This rule applies to any offer of settlement made to the insured, not just to

2

those which are made within the ninety-day window.  *Id.* at 1446.  *See also Shinault v. Mid-Century Ins. Co.,* 654 P.2d 618, 619 (Okla.1982)(the insurer is the prevailing party "when the judgment is less than <u>any</u> settlement offer that was tendered to the insured . .") (emphasis added).

The record reflects that on June 26, 2017, defense counsel sent an email to plaintiff's counsel, making a settlement offer of $45,000. (#121-1).  Plaintiff declined the offer on June 29, 2017. (#121-2). Defendant's argument is straightforward: the verdict of $10,652 is less than the $45,000 written offer of settlement; therefore, defendant is the prevailing party under the statute.  Plaintiff disagrees, arguing that he is the prevailing party under the statute.  Plaintiff's conclusion rests on the following bases:  (1) the prospective attorney fees, costs, and interest awardable under the statute are included in the "judgment" amount to be compared to the settlement offer, and  (2) the settlement offer in this case contemplated fees.

As a general matter, the first asserted basis appears incorrect.  "Statutes must be read to render every part operative and to avoid rendering it superfluous or useless." *Comer v. Preferred Risk Mut. Ins. Co.,* 991 P.2d 1006, 1014 n.35 (Okla.1999).  Plaintiff's interpretation would seem to render superfluous or useless the portion of the statute which permits the insurer to protect itself against a fee claim by the insured.  The statute (whether one agrees with it or not) allows an insurer to be deemed the prevailing party and to <u>avoid</u> payment of attorney fees by the use of a settlement offer.  It is circular to

3

first calculate fees, then add the fee amount to the damages amount and thereby "defeat" the settlement offer. A plaintiff who is deemed the prevailing party is entitled to fees, i.e., an award of fees has the <u>prerequisite</u> of plaintiff being deemed the prevailing party. Plaintiff's present argument inverts the statutory scheme, in the court's view.

Moreover, Oklahoma law (12 O.S. §696.4(A)) provides that a judgment <u>may</u> provide for attorney fees, but it need not. Also, the preparation and filing of the judgment shall not be delayed pending the determination of the fee issue. *Id.* Accordingly, the court is persuaded that the term "judgment" in §3629(B) generally does not contemplate the addition of prospective fees for the purpose of comparing it to the written offer of settlement. In *Shadoan v. Liberty Mut. Fire Ins. Co.,* 894 P.2d 1140, 1144 (Okla.Cv.App.1994), the court did not add the requested fees to the "net judgment" for that purpose.

Plaintiff secondarily contends that the written settlement offer in this case <u>did</u> contemplate fees. Therefore, in plaintiff's view, the case at bar is distinguishable from *Oulds*, 6 F.3d at 1446 ("[b]ecause the settlement offer did not include her costs and fees, they will not now be added to her judgment for purposes of determining prevailing party status "). Again, the court disagrees. In the email (#121-1) making the settlement offer, defense counsel states to plaintiff's counsel that "Based upon your out of pocket litigation expenses, this settlement amount will allow you to recover these expenses along with

<u>some</u> fees and should reimburse Mr. Hamilton for the entire amount of his repair costs."
(emphasis added).

As the court reads it, this was not an offer contemplating a full payment of
plaintiff's attorney fees.  If it were, defense counsel presumably would have asked
plaintiff's counsel for a proposed amount in that regard.  Rather, the offer contemplates
that plaintiff's counsel would deduct <u>some</u> of his fees from the lump sum of $45,000.
Even if plaintiff had accepted the offer, viewing the exchange as a contract negotiation,
there clearly was no "meeting of the minds" that fees and interest would be included.
This court finds *Oulds* insufficiently distinguishable from the case at bar, and thus this
settlement offer did not "include" fees and costs.  The motion for fees is denied.

As stated, also before the court is the motion of the plaintiff to include statutory
interest in the judgment.  The same basic analysis obtains, but with some distinctions.
Oklahoma law (12 O.S. §696.3(A)(2)) provides that a judgment <u>should</u> include the
amount of any prejudgment interest.  Also, 36 O.S. §3629(B) states that prejudgment
interest shall be added to the <u>verdict</u>, which indicates an immediate determination by the
court before the judgment is entered.

The reasoning remains circular at this point, however.  Entitlement to prejudgment
interest still depends upon being deemed the prevailing party under §3629(B).  Plaintiff
calculates that the amount of interest due is $2,543.35.  (#114-1).  Even prospectively

adding that amount to the jury's verdict results in an amount less than the written settlement offer.  This motion is denied as well.

Plaintiff has also filed a bill of costs (#115).  In its response (#120), defendant raises the same legal argument addressed in this order, contending that plaintiff is not entitled to an award of costs.  Here, the court disagrees with defendant.  In a diversity case, federal law controls the assessment of costs.  *Chaparral Res., Inc. v. Monsanto Co.,* 849 F.2d 1286, 1291-92  (10th Cir.1988); 10 Wright, Miller & Kane, *Federal Practice and Procedure,* §2669 at 259 (2014)("The award of costs is governed by federal law.")(footnote omitted).[4]  This requires a different definition of prevailing party.  "[U]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)."  *Barber v. T.D. Williamson, Inc.,* 254 F.3d 1223, 1234 (10th Cir.2001).  Plaintiff is entitled to recover his costs, regardless of §3629(B).  The amount of those costs shall in the first instance be determined by the court clerk, as Rule 54(d)(1) directs.

---

[4]In *Garcia v. Wal-Mart Stores, Inc.,* 209 F.3d 1170 (10th Cir.2000), the court held in a diversity case that a Colorado cost-shifting statute applied, but stated that Rule 54(d)(1) will trump a state cost-shifting provision with which it conflicts.  *Id.* at 1176-77.  In the case at bar, such a conflict exists and this court finds Rule 54(d)(1) controlling.

In some respects, the court's order seems to reach a counter-intuitive result.[5]  This may stem from the case's procedural posture, with the contract claim proceeding to trial after summary judgment was granted as to bad faith and punitive damages.  The court must determine the "prevailing party" under §3629(B) at this time, but the proceedings before this court may not be over.  Assuming *arguendo* that plaintiff persuades the appellate court that this court's entry of summary judgment as to his bad faith/punitive damages claims was erroneous, and plaintiff ultimately prevails at trial, a second determination of "prevailing party" would have to be made.  The Tenth Circuit indicates that an insured (successful on a contract claim) cannot recover fees which could only be attributed to an unsuccessful bad faith claim. *See Sims v. Great American Life Ins. Co.,* 207 Fed.Appx. 908, 910 (10th Cir.2006).  Therefore, should plaintiff ultimately succeed on his bad faith claim, arguably (if he is deemed the "prevailing party" as to the second trial) he would be entitled to fees solely related to the bad faith claim and punitive damages claim, even those incurred before the settlement offer discussed herein.  This scenario is of course hypothetical at this time.

---

[5]As plaintiff notes, the Tenth Circuit has stated that such statutes as §3629(B) are "founded on compelling an insurer to bear the consequences of its improper denial of the insured's right to coverage.  Any such improper denial forces the insured to litigate the coverage issue and to incur the corresponding offenses of litigation, or else to forgo its right to coverage." *Stauth v. National Union Fire Ins. Co. of Pittsburgh,* 236 F.3d 1260, 1264 (10th Cir.2001).  The language of the statute as interpreted by the Supreme Court of Oklahoma and the Tenth Circuit, however, works to deny the successful plaintiff of fees in this case.

It is the order of the court that the motion of the plaintiff for statutory interest (#114) and the motion of the plaintiff for attorney fees (#117) are hereby denied.

Plaintiff's bill of costs remains pending for initial determination by the court clerk.

**ORDERED THIS 28th DAY OF AUGUST, 2017.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

8